

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**ORIGINAL**

**CIVIL MINUTES - GENERAL**

**PRIORITY SEND**

| | |
|---|---|
| Case No. CV 05-1104 DSF (RNBx) | Date  June 5, 2006 |
| Title  Matthew Evans, et al. v. IAC/InterActiveCorp, et al. | |

Present: The Honorable   DALE S. FISCHER, United States District Judge

| Paul D. Pierson | None present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None present | None present |

**Proceedings:**   (In Chambers) Order GRANTING in Part and DENYING in Part Defendants IAC/InterActiveCorp, Ticketmaster, and Match.com, L.P.'s Motion to Strike Portions of Plaintiffs' First Amended Class Action Complaint Pursuant to F.R.C.P. 12(f)

## I. INTRODUCTION

This matter is currently before the Court on Defendants IAC/InterActiveCorp, Ticketmaster, and Match.com, L.P.'s Motion to Strike Portions of Plaintiffs' First Amended Class Action Complaint Pursuant to F.R.C.P. 12(f), and the Memorandum of Points and Authorities in Support Thereof ("Motion"), filed on April 6, 2006. Plaintiffs' Opposition to Defendants' Motion to Strike Portions of First Amended Complaint ("Opposition") was filed on April 18, 2006. The Reply Brief of Defendants IAC/InterActiveCorp, Ticketmaster, and Match.com, L.P. in Support of Motion to Strike ("Reply") was filed on April 24, 2006.

Plaintiffs Matthew Evans, Steve Uman, David Harzberg, Ron Oakes, Laura Tarleton, Randy Snyder, Krista Bauer, and Addie Boudreau filed their First Amended Complaint ("FAC") on February 1, 2006 against Defendants IAC/InterActiveCorp, Ticketmaster, Match.com, L.P., Match.com (collectively "the Match.com Defendants"), and Autumn Marzec. The factual allegations are discussed in greater detail in the Court's Order GRANTING in Part and DENYING in Part Defendants IAC/InterActiveCorp, Ticketmaster, and Match.com L.P.'s Motion to Dismiss Plaintiffs' First Amended Class Action Complaint Pursuant to F.R.C.P. 12(b)(6) and 9(b) ("Order Re: Motion to Dismiss"). Briefly stated, Plaintiffs seek to represent a class of subscribers to the Match.com online dating service. Plaintiffs allege that the Match.com Defendants engaged in several types of misconduct: (1) the sending of false "winks," or brief pre-scripted messages expressing interest, from Match.com employees to customers whose subscriptions are about to end (FAC ¶ 57); (2)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**PRIORITY SEND**

the use of "date bait," in which an employee of the Match.com Defendants pretends to be a member and goes on a date with a legitimate member after reviewing that member's personal information to make the Match.com employee seem like a perfect match (id. ¶¶ 68-69); (3) the monitoring and restricting of subscribers' e-mails to other members (id. ¶ 59); (4) the alleged failure to protect members and subscribers from identified predators and scam artists who post profiles that the Match.com Defendants know to be false or fraudulent (id. ¶¶ 62-63); and (5) failure to include a subscriber's profile information in Match.com's "matching technology" system unless the profile is updated every thirty days (id. ¶ 75). The FAC alleges twelve causes of action.

By this Motion, the Match.com Defendants seek to strike the following prayers for relief: (1) in the first claim for relief for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), the prayer for injunctive relief and prejudgment interest; (2) in the second claim for relief for fraud and deceit, the prayer for attorneys' fees; (3) in the fourth claim for relief for negligent misrepresentation, the prayer for exemplary damages and prejudgment interest; (4) in the fifth claim for relief for unfair business practices in violation of California Business and Professions Code §§ 17200-17210, the prayer for attorneys' fees; and (5) in the eleventh claim for relief for breach of contract, the prayer for attorneys' fees.[1]

Having considered the papers submitted by the parties, the Motion is GRANTED in part and DENIED in part.

## II. LEGAL STANDARD

"[A] motion to strike may be used to strike any part of a prayer for relief when the damages sought are not recoverable as a matter of law." Bureerong v. Uvawas, 922 F. Supp. 1450, 1479 (C.D. Cal. 1996) (citing Tapley v. Lockwood Green Eng'rs, Inc., 502 F. 2d 559, 560 (8th Cir. 1974) (per curiam)). "The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Bassiri v. Xerox Corp., 292 F. Supp. 2d 1212, 1219 (C.D. Cal. 2003); see also California ex rel. State Lands Comm'n v. United States, 512 F. Supp. 36, 38 (N.D. Cal. 1981) ("[W]here the motion may have the effect of making trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be well taken."). Nevertheless, such motions are "viewed with disfavor and are not frequently granted." Bassiri, 292 F. Supp. 2d

---

[1] The Motion also seeks to strike the prayer for prejudgment interest in the eighth claim for relief for unlawful competition in violation of the California Unfair Practices Act, Cal. Bus. & Prof. Code §§ 17000-17101. Because the Court has dismissed the eighth claim for relief in its Order Re: Motion to Dismiss, the Motion to Strike is moot as to this claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**PRIORITY SEND**

at 1220; accord Alco Pac., Inc., 217 F. Supp. 2d at 1033. In reviewing a 12(f) motion, courts view the pleading under attack in the light most favorable to the non-moving party. Bassiri, 292 F. Supp. 2d at 1220. Therefore, "[m]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." Id. (citation omitted). Courts often require a "showing of prejudice by the moving party" before the challenged material will be stricken. Alco Pac., Inc., 217 F. Supp. 2d at 1033 (citation omitted).

### III. DISCUSSION

**A. Injunctive Relief and Prejudgment Interest Under RICO, 18 U.S.C. § 1962(c)**

The Match.com Defendants first argue that injunctive relief is not available under RICO, 18 U.S.C. §§ 1961-1968, citing Religious Technology Center v. Wollersheim, 796 F.2d 1076, 1087-88 (9th Cir. 1986) (holding that "injunctive relief is not available under civil RICO"). Plaintiffs do not dispute this argument. Thus the Court strikes the request for injunctive relief from Plaintiff's first claim for relief.

The Match.com Defendants next argue that prejudgment interest is not recoverable under RICO. The Ninth Circuit has not addressed this question. At least two circuit courts have held that the decision as to whether to award prejudgment interest under RICO is in the discretion of the trial court. In Aetna Casualty Surety Co. v. P & B Autobody, 43 F.3d 1546, 1572 (1st Cir. 1994), the court noted that prejudgment interest on punitive damages is inappropriate, but that it is proper on compensatory damages; thus, to the extent RICO damages are primarily compensatory, prejudgment interest may be awarded. Similarly, the First Circuit has concluded that prejudgment interest is available because the RICO statute does not specifically mention prejudgment interest; "in the absence of a statutory directive," the court found that the decision is discretionary. Abou-Khadra v. Mahshie, 4 F.3d 1071, 1084 (1st Cir. 1993) (citation and internal quotation marks omitted). In contrast, at least one California district court has concluded that prejudgment interest is not available on treble damages under RICO, noting "the general rule . . . that because damages are trebled, a plaintiff who prevails . . . is not entitled to recover prejudgment interest." Pac. Gas & Elec. Co. v. Howard P. Foley Co., Civil No. 85-2922 SW, 1993 U.S. Dist. LEXIS 21414, at *6 (N.D. Cal. July 27, 1993). Treble damages under RICO may be considered punitive in nature. See Neibel v. Trans World Assurance Co., 108 F.3d 1123, 1130 (9th Cir. 1997) ("It is probably true that statutory treble damages are punitive . . . ." (citation omitted)); Sw. Marine, Inc. v. Triple A Mach. Shop, Inc., 720 F. Supp. 805, 810 (N.D. Cal. 1989) ("18 U.S.C. § 1964[] provides for treble damages which are themselves punitive in character."). Thus the most logical result is that prejudgment interest is unavailable on those damages.

Leaving aside the question of whether Plaintiffs are entitled to prejudgment interest

on the treble damages, the Match.com Defendants have cited no reason why prejudgment interest would not be available on the compensatory damages portion of Plaintiffs' RICO recovery. Thus the Court declines to strike the request for prejudgment interest under the first claim for relief.

### B. Attorneys' Fees in Action for Fraud and Deceit

It is well settled that attorneys' fees are not generally recoverable unless otherwise provided by statute or enforceable contract. Summit Valley Indus., Inc. v. Local 112, United Bhd. of Carpenters, 456 U.S. 717, 722 (1982) (citation omitted); see also Cal. Civ. Code 1021 ("Except as attorney's fees are specifically provided for by statute, the . . . mode of compensation of attorneys . . . is left to the agreement . . . of the parties . . . ."). The Supreme Court has noted a few exceptions to this rule, including bad faith, vexatious, wanton or oppressive conduct; willful violation of a court order; or recovery of a common fund in securities or antitrust litigation. Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 562 (1986) (citations omitted); Summit Valley Indus. Inc., 456 U.S. at 722 (citations omitted).

In general, "[a]ttorneys' fees incurred by a plaintiff in an action for . . . fraud are nonrecoverable" under California law. Glendale Fed. Sav. & Loan Ass'n v. Marina View Heights Dev. Co., Inc., 66 Cal. App. 3d 101, 150 (1977) (citations omitted); Bezaire v. Fid. & Deposit Co., 12 Cal. App. 3d 888, 892 (1970). However, "an exception is recognized where a plaintiff, as a proximate result of defendant's fraud, is required to prosecute or defend an action against a third party for protection of his interest." Glendale Fed. Sav. & Loan Ass'n, 66 Cal. App. 3d at 150 (citing Prentice v. N. Am. Title Guar. Corp., 59 Cal. 2d 618, 620 (1963)); see also Jordache Enters., Inc. v. Brobeck, Phleger & Harrison, 18 Cal. 4th 739, 751 (1998) (same). Plaintiffs urge the Court to apply the "tort of another" doctrine to hold each Defendant liable for attorneys' fees incurred in bringing fraud claims against the remaining Defendants. Plaintiffs cannot so easily circumvent the general rule that attorneys' fees are not recoverable in a fraud action. In In re Ashley, 903 F.2d 599, 605 (9th Cir. 1989), for example, the plaintiffs prevailed in their action against joint tortfeasors. The court noted that because the plaintiffs could recover from each tortfeasor for the entire injury, they were not required to sue any other party to obtain that recovery. Id. If the tort of another doctrine could be applied to such situations, "[t]he implication . . . would be that total recovery of attorney's fees is permissible whenever one sues joint tortfeasors"; the court rejected such a result. Id.

Plaintiffs also cite the private attorney general doctrine codified in California Code of Civil Procedure § 1021.5, which provides: "Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**PRIORITY SEND**

benefit . . . has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement . . . are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any." Plaintiffs have not alleged any right that affects the public interest; nor have Plaintiffs suggested any reason why attorneys' fees could not be paid out of their recovery.

Plaintiffs' strongest argument is that the exception for bad faith, vexatious, wanton or oppressive conduct may apply. Applying this exception in all but the most compelling circumstances would swallow the rule set out by California courts that attorneys' fees are not recoverable in a fraud claim, as any fraudulent conduct would satisfy the bad faith requirement. Though Plaintiffs are unlikely to establish such circumstances, the liberal standard of Rule 12(f) dictates that the Court decline to strike the request for attorneys' fees in Plaintiffs' second claim for relief at this early stage in the litigation.

## C. Exemplary Damages and Prejudgment Interest in Action for Negligent Misrepresentation

The Match.com Defendants contend that both exemplary damages and prejudgment interest are unavailable in connection with Plaintiffs' negligent misrepresentation claim. Plaintiffs do not appear to dispute these arguments. California courts have held that exemplary damages are not available for negligent misrepresentation. Branch v. Homefed Bank, 6 Cal. App. 4th 793, 799 (1992) ("Although punitive damages by definition are recoverable for the tort of 'deceit', it has been uniformly held that punitive damages are not recoverable in that branch of 'deceit' which is mere negligence." (citations omitted)); Reid v. Moskovitz, 208 Cal. App. 3d 29, 32 (1989) ("[Punitive] damages are not recoverable for negligent misrepresentation." (citation and internal quotation marks omitted)). The Court therefore strikes the request for exemplary damages from Plaintiffs' fourth claim for relief.[2]

As for prejudgment interest, the Match.com Defendants note that it is available only on "damages certain, or capable of being made certain by calculation, and the right to recover which is vested in [the plaintiff] upon a particular day." Cal. Civ. Code § 3287. The Match.com Defendants argue that there is no certainty as to the damages in this case. However, Plaintiffs' only source of monetary damages appears to be the subscription fees paid to Match.com. If Plaintiffs can demonstrate that they were induced to subscribe by Defendants' misrepresentations, then the amount of damages may well be determinable.

---

[2] In their Reply, Plaintiffs suggest that the prayers for punitive and exemplary damages should be stricken from every claim in the FAC because such damages are prohibited by the Terms of Use Agreement. (Reply 5:20-6:3.) Because Plaintiffs have raised this argument for the first time in their Reply, the Court need not consider it. Furthermore, as the Court noted in its Order Re: Motion to Dismiss, some of Plaintiffs' allegations may support a conclusion that the Terms of Use Agreement is an unenforceable contract; any disclaimer would then be ineffectual.

The Court declines to strike this portion of the fourth claim for relief.

### D. Attorneys' Fees Under California Business and Professions Code §§ 17200-17210

As noted above, attorneys' fees are not generally recoverable unless otherwise provided by statute or enforceable contract. Summit Valley Indus., Inc., 456 U.S. at 722 (citation omitted). California's unfair competition statutes, Cal. Bus. & Prof. Code §§ 17200-17210, do not authorize attorneys' fees. Cal. Serv. Station & Auto. Repair Ass'n v. Union Oil Co. of Cal., 232 Cal. App. 3d 44, 58 (1991) (citation omitted).

Plaintiffs again rely on California Code of Civil Procedure § 1021.5 to argue that attorneys' fees may be recovered. As one California court has explained, "[i]n enacting section 1021.5, the Legislature did not intend to authorize an award of attorney fees in *every* case involving a statutory violation." Baxter v. Salutary Sportsclubs, Inc., 122 Cal. App. 4th 941, 945 (2004) (citation and internal quotation marks omitted). "Instead, in deciding whether to award attorney fees under the statute, a trial court should determine realistically the significance of the benefit, and the size of the class receiving the benefit, in light of all pertinent circumstances." Id. (citation and internal quotation marks omitted) (denying attorneys' fees because although plaintiff prevailed in suit against defendant sports club for failing to include required language in membership contracts, no member of the public was harmed). Here, Plaintiffs allege that millions of subscribers may well receive a benefit. However, it is not clear that the benefit is one of great public significance.

The application of section 1021.5 to cases under California Business and Professions Code §§ 17200-17210 is quite narrow. "Section 1021.5 is intended as a 'bounty' for pursuing public interest litigation, not a reward for litigants motivated by their own interests who coincidentally serve the public." Cal. Licensed Foresters Ass'n v. State Bd. of Forestry, 30 Cal. App. 4th 562, 570 (1994) (citations omitted). Thus attorneys' fees should generally be awarded "when a significant public benefit is conferred through litigation pursued by one whose personal stake is insufficient to otherwise encourage the action." Id. (citations omitted). "When the record indicates that the primary effect of a lawsuit was to advance or vindicate a plaintiff's personal economic interests, an award of fees under section 1021.5 is improper." Flannery v. Cal. Highway Patrol, 61 Cal. App. 4th 629, 635 (1998) (citations omitted). See also Boston Reed Co. v. Pitney Bowes, Inc., No. 02-01106 SC, 2002 U.S. Dist. LEXIS 11683, at *18-19 (N.D. Cal. June 20, 2002) (holding that attorneys' fees are not available under California Business and Professions Code §§ 17200-17210, notwithstanding California Code of Civil Procedure § 1021.5); Baxter, 122 Cal. App. 4th at 946.

Plaintiffs also argue that attorneys' fees are warranted because Plaintiffs have alleged that Defendants acted willfully and fraudulently. The Match.com Defendants rely on a Ninth Circuit holding that "[i]n actions for unfair competition attorneys' fees are assessed as an element of damages where the wrongdoers' action is unconscionable, fraudulent, willful,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

**PRIORITY SEND**

in bad faith, vexatious or exceptional." High Fid. Recordings, Inc. v. Audio Fid., Inc., 305 F.2d 86, 90 n.6 (9th Cir. 1962) (citation and internal quotation marks omitted). However, High Fidelity Recordings, Inc. makes no specific reference to any statutory provision. Furthermore, permitting recovery of attorneys' fees in any case of fraudulent or bad faith conduct would require awarding attorneys' fees in a large number of actions under California Business and Professions Code § 17200, as fraudulent business practices are among the wrongs actionable under the statute. This would eviscerate the general rule that attorneys' fees are not recoverable under the statute. See Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 179 (1999); Am. Online, Inc. v. Super. Ct. of Alameda County, 90 Cal. App. 4th 1, 15 n.10 (2001).

Nevertheless, as there is – at this early stage in the litigation – some possibility that the Court will eventually decide attorneys' fees are appropriate, the Court declines to strike the request for attorneys' fees from Plaintiffs' fifth claim for relief.

### E. Attorneys' Fees in Action for Breach of Contract

The Match.com Defendants point out, and Plaintiffs do not dispute, that the contract between the parties, as embodied in the Privacy Policy and Terms of Use Agreement attached to the FAC, does not contain any provision allowing recovery of attorneys' fees. (See FAC Exs. A, B.) Once again, Plaintiffs rely on California Code of Civil Procedure § 1021.5. For the reasons discussed above, the Court declines to strike the request for attorneys' fees in the eleventh claim for relief.

### IV. CONCLUSION

For the reasons stated above, the Court GRANTS the Motion in part and DENIES it in part. The Court strikes the following portions of Plaintiffs' FAC: (1) in Plaintiffs' first claim for relief, the prayer for injunctive relief (FAC 55:13-15); (2) in Plaintiffs' fourth claim for relief, the prayer for exemplary damages (FAC 57:9);

Initials of Preparer: _____