Case 8:05-cv-01104-DSF-CW   Document 32   Filed 05/26/06   Page 1 of 6   Page ID #:20



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**ORIGINAL**

**CIVIL MINUTES - GENERAL**

**PRIORITY SEND**

| | |
|---|---|
| Case No. SA CV 05-1104 DSF (RNBx) | Date  May 26, 2006 |

Title  Matthew Evans, et al. v. IAC/InterActiveCorp, et al.

Present: The Honorable   DALE S. FISCHER, United States District Judge

Paul D. Pierson

| Deputy Clerk | Court Reporter |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**  (In Chambers)  Order DENYING Defendants IAC/InterActiveCorp, Ticketmaster, and Match.com, L.P.'s Motion to Stay the Tenth Claim for Relief in Plaintiffs' First Amended Class Action Complaint

## I. INTRODUCTION

This matter is currently before the Court on Defendants IAC/InterActiveCorp, Ticketmaster, and Match.com, L.P.'s Motion to Stay the Tenth Claim for Relief in Plaintiffs' First Amended Class Action Complaint, and the accompanying Memorandum of Points and Authorities ("Motion"), filed on April 6, 2006.  Defendants IAC/InterActiveCorp, Ticketmaster, and Match.com L.P.'s Request for Judicial Notice in Support of Defendants' Motion to Dismiss Plaintiffs' First Amended Class Action Complaint and Motion to Stay Plaintiffs' Tenth Claim for Relief ("Request for Judicial Notice") was filed concurrently.[1]  Plaintiffs' Opposition to Defendants IAC/InterActiveCorp, Ticketmaster, and Match.com L.P.'s Motion to Stay the Tenth Claim for Relief in Plaintiffs' First Amended Complaint ("Opposition") and Plaintiffs' Objections and Opposition to Defendants' Request for Judicial Notice ("Plaintiffs' Objections") were filed on April 18, 2006.  The Reply Brief of Defendants IAC/InterActiveCorp, Ticketmaster, and Match.com, L.P. in Support of Motion to Stay the Tenth Claim for Relief in Plaintiffs' First Amended Class Action Complaint ("Reply") and the

---

[1] Defendants IAC/InterActiveCorp, Ticketmaster, and Match.com, L.P.'s Motion to Dismiss Plaintiffs' First Amended Class Action Complaint Pursuant to F.R.C.P. 12(b)(6) and 9(b) is addressed in a separate order.

CV-90 (12/02)   CIVIL MINUTES - GENERAL   Page 1 of 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**PRIORITY SEND**

Declaration of Joy T. Teitel in Support of Defendants' Reply Briefs in Support of Motion to Dismiss Plaintiffs' First Amended Class Action Complaint and Motion to Stay the Tenth Claim for Relief in Plaintiffs' First Amended Class Action Complaint ("Teitel Declaration") were filed on April 24, 2006.

Plaintiffs Matthew Evans, Steve Uman, David Harzberg, Ron Oakes, Laura Tarleton, Randy Snyder, Krista Bauer, and Addie Boudreau filed their First Amended Complaint ("FAC") on February 1, 2006 against Defendants IAC/InterActiveCorp, Ticketmaster, Match.com, L.P., Match.com (collectively "the Match.com Defendants"), and Autumn Marzec. The factual allegations are discussed in greater detail in the Court's Order GRANTING in Part and DENYING in Part Defendants IAC/InterActiveCorp, Ticketmaster, and Match.com L.P.'s Motion to Dismiss Plaintiffs' First Amended Class Action Complaint Pursuant to F.R.C.P. 12(b)(6) and 9(b) ("Order Re: Motion to Dismiss"). Briefly stated, Plaintiffs seek to represent a class of subscribers to the Match.com online dating service. Plaintiffs allege that the Match.com Defendants engaged in several types of misconduct: (1) the sending of false "winks," or brief pre-scripted messages expressing interest, from Match.com employees to customers whose subscriptions are about to end (FAC ¶ 57); (2) the use of "date bait," in which an employee of the Match.com Defendants pretends to be a member and goes on a date with a legitimate member after reviewing that member's personal information to make the Match.com employee seem like a perfect match (id. ¶¶ 68-69); (3) the monitoring and restricting of subscribers' e-mails to other members (id. ¶ 59); (4) the alleged failure to protect members and subscribers from identified predators and scam artists who post profiles that the Match.com Defendants know to be false or fraudulent (id. ¶¶ 62-63); and (5) failure to include a subscriber's profile information in Match.com's "matching technology" system unless the profile is updated every thirty days (id. ¶ 75).

The FAC alleges twelve causes of action. By this Motion, the Match.com Defendants seek an order staying Plaintiffs' tenth claim for relief under California Civil Code §§ 1694-1694.4 (the "Dating Service Act" or "DSA"), pursuant to the doctrine set forth in Colorado River Conservation District v. United States, 424 U.S. 800 (1976) ("Colorado River").

The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. Having considered the papers submitted by the parties, except as discussed in the Order Re: Motion to Dismiss, the Motion is DENIED.

## II. LEGAL STANDARD

While a federal court ordinarily has a duty to adjudicate cases properly before it, there are some circumstances in which a court may abstain from hearing such a case. Colorado River Water Conservation Dist., 424 U.S. at 813. Under the doctrine first laid

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**PRIORITY SEND**

out in <u>Colorado River</u>, a federal court may stay its proceedings in some cases where a parallel state action is pending, for reasons of "[wise] judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." <u>Id.</u> at 817 (citation omitted). A court should grant a stay under <u>Colorado River</u> only in "exceptional circumstances." <u>Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.</u>, 460 U.S. 1, 19 (1983).

Several factors must be considered in determining whether a stay should be granted:

> (1) whether either court has assumed jurisdiction over a res; (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; . . . (5) whether state or federal law controls; and (6) whether the state proceeding is adequate to protect the parties' rights.

<u>Nakash v. Marciano</u>, 882 F.2d 1411, 1415 (9th Cir. 1989). In addition, the court may consider whether the plaintiff in the federal action has engaged in forum shopping, <u>Travelers Indem. Co. v. Madonna</u>, 914 F.2d 1364, 1370-71 (9th Cir. 1990); "the relative progress of the state and federal proceedings," <u>Romine v. Compuserve Corp.</u>, 160 F.3d 337, 341 (6th Cir. 1998) (citation omitted); and "the presence or absence of concurrent jurisdiction," <u>id.</u> (citation omitted). The Court must take a flexible approach, considering other factors if appropriate. <u>Travelers Indem. Co. v. Madonna</u>, 914 F.2d at 1368. "To determine whether a stay is warranted, the relevant factors must be balanced, with the balance weighted heavily in favor of the exercise of jurisdiction." <u>Id.</u> at 1372, citing <u>Moses Cone</u>, 460 U.S. at 16 (internal quotation marks omitted). Thus each factor should be considered individually, then balanced against the other factors to determine whether a stay is appropriate. "Any doubt as to whether a factor exists should be resolved against a stay, not in favor of one." <u>Id.</u> at 1369.

## III. DISCUSSION

### A. The Dating Services Act, Cal. Civ. Code §§ 1694-1694.4

Plaintiffs' tenth claim for relief alleges violation of the Dating Services Act, Cal. Civ. Code §§ 1694-1694.4. By its terms, the DSA applies to contracts with any organization that offers dating, matrimonial, or social referral services by any of the following means:

> (a) An exchange of names, telephone numbers, addresses, and statistics.
> (b) A photograph or video selection process.
> (c) Personal introductions provided by the organization at its place of business.
> (d) A social environment provided by the organization intended primarily as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**PRIORITY SEND**

an alternative to other singles' bars or club-type environments.
Cal. Civ. Code § 1694. The DSA provides that a contract for dating services is void and unenforceable in either of two situations: (1) if the contract was "entered into under willful and fraudulent or misleading information or advertisements of the seller," or (2) if the contract fails to comply with the provisions of the DSA. Cal. Civ. Code § 1694.4(a)-(b). Other provisions of the DSA state that a customer has a right to cancel a dating services contract within three business days on written notice, Cal. Civ. Code § 1694.1; that the contract must be in writing and must advise the customer of the right to cancellation, Cal. Civ. Code § 1694.2; and that the contract must include certain other language advising customers of their rights in the event of death, disability, or relocation, Cal. Civ. Code § 1694.3.

## B. The Huebner Action

The Match.com Defendants point to a pending state court action entitled Huebner v. IAC/InterActiveCorp, Los Angeles Superior Court Case No. BC 305874 (the "Huebner Action"). (Req. for Judicial Notice Ex. D.) The Huebner Action was filed on November 12, 2003 by plaintiff Heidi Huebner, individually and on behalf of a class of persons similarly situated, against defendants InterActiveCorp and Match.com, L.P. (Id.) The allegations in the Huebner Action are somewhat similar to those in this case. Huebner alleges that she subscribes to the Match.com service, (id. ¶ 15), and that Match.com qualifies as a dating service under the DSA. (Id. ¶ 16.) According to Huebner, the Match.com contract fails to contain the language required by California Civil Code §§ 1694.2-1694.3 regarding cancellation rights and rights in the event of a customer's death, disability, or relocation. (Id. ¶ 21.) Huebner brings a claim for violation of the DSA, as well as claims for fraudulent and deceptive business practices in violation of California Business and Professions Code §§ 17200-17210, representative action based on fraudulent and deceptive business practices, breach of contract, restitution based on unjust enrichment, and declaratory relief. (Id. at 1.)

## C. The *Colorado River* Factors

As noted above, the Court must consider a variety of factors, including: (1) whether either court has assumed jurisdiction over a res; (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (6) whether the state proceeding is adequate to protect the parties' rights; (7) any indication of forum shopping; (8) the relative progress of the state and federal proceedings; and (9) whether the courts have concurrent jurisdiction. "These factors, however, do not comprise a mechanical checklist. Rather, they require a careful balancing of the important factors as they apply in a given case . . . ." Romine, 160 F.3d at 341 (citation and internal quotation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

**PRIORITY SEND**

marks omitted). The Court discusses below only the factors disputed by the parties.

The DSA was enacted in 1989. The question of whether it applies to an online dating service -- the issue that Defendants contend mandates a stay -- is allegedly one of first impression.[2] The parties seem to agree that both this case and the Huebner Action squarely address this issue. However, Defendants have not provided a copy of their answer, a demurrer, a motion for summary adjudication -- or even a declaration by counsel -- advising this Court of how the issue was raised in the Huebner Action. If the issue were purely one of law, it presumably would have been determined by the trial court long before the impending June 12, 2006 trial date -- either by demurrer or by summary adjudication. If, as this Court suggests in its concurrently filed Order Re: Motion to Dismiss, determination of the issue depends on the resolution of disputed facts, there is less reason to await the state court's determination.

While the need to avoid piecemeal or duplicative litigation is especially compelling in the class action context, Romine, 160 F.3d at 341 ("Duplication of [complex] class litigation, with all the multiplicity of waste attendant in it, is simply more likely to present an exceptional circumstance warranting Colorado River abstention." (citation and internal quotation marks omitted)), it is not clear that a stay would foster this goal. Defendants seek to stay only a single claim. The litigation would proceed as to the other eleven claims, while the tenth claim lagged behind. This would likely cause disputes about whether discovery related to the stayed claim only -- or to another claim as well. Should the state court decide the DSA applies to Defendants -- and should this Court agree, the tenth claim would then be resurrected, possibly causing a delay in this proceeding. Whether or not a stay is in effect, there will be two lawsuits -- one in state court and one in this Court. This factor therefore does not necessarily favor a stay.

The Huebner Action was filed on November 12, 2003. Plaintiffs filed their original Complaint in this case almost two years later, on November 10. 2005. The Huebner Action is set for trial on June 12, 2006. (Teitel Decl. ¶ 3.) These factors arguably favor granting a stay. On the other hand, if the Huebner Action proceeds on schedule, the issue will be resolved in just a few weeks, early enough in this litigation for this Court to take the decision there into account -- should it decide it is appropriate to do so.[3]

---

[2] Because California trial court decisions are not published, and non-published court of appeal opinions may not be cited, some California courts may actually have addressed this issue.

[3] While Defendants may (and probably will if the trial court rules against them) suggest that this Court wait the several years it would take to obtain a determination by the California Supreme Court, the only truly persuasive authority, see Guebara v. Allstate Insurance Co., 237 F.3d 987, 993 (2001), this Court declines to defer a determination for such a significant period of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

**PRIORITY SEND**

While the source of law, order of obtaining jurisdiction, and adequacy of the state court proceedings to protect the parties' rights weigh in favor of a stay, on balance, the Court concludes that a stay is inappropriate.

## IV. CONCLUSION

For the reasons stated above, the Court DENIES the Motion.

Initials of Preparer:

time.